IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOBI WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 C 6351 |
| ) | |
| COOK COUNTY, JOHN STROGER, in ) | |
| his individual capacity; MARK ) | |
| KILGALLON, in his individual capacity, ) | |
| and JAMES WHIGHAM, in his ) | |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Tobi Williams filed an Amended Complaint against Defendants Cook County, Former Cook County Board President John Stroger, Jr.,[1] Cook County Director of Human Resources Mark Kilgallon, and Cook County Inspector General James Whigham alleging equal protection discrimination based on her gender and disability pursuant to 42 U.S.C. § 1983 and conspiracy to commit the same pursuant to 42 U.S.C. § 1985(3). In a previous order, the Court dismissed Williams' conspiracy claim brought pursuant to Section 1985(3). Before the Court is Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants Defendants' motion.

## BACKGROUND

### I. Northern District of Illinois Local Rule 56.1

Because Williams moves to strike certain statements of facts and Defendants contest the

---

[1] The Court takes judicial notice that Former Cook County Board President John Stroger, Jr. passed away on January 18, 2008. *See* Fed.R.Evid. 201(b).

majority of Williams' facts, the Court first turns to Northern District of Illinois Local Rule 56.1. When determining summary judgment motions, the Court derives the background facts from the parties' Local Rule 56.1 statements. Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Specifically, Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.,* 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.,* 403 F.3d 940, 944 (7th Cir. 2005). The parties' statements must contain short numbered paragraphs including references to the affidavits, parts of the record, and other supporting materials. *See id.; see also Ammons,* 368 F.3d at 817.

The purpose of Rule 56.1 statements is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006). The types of evidentiary material available to support Local Rule 56.1 statements are numerous, but the most common materials include affidavits, deposition transcripts, and business documents. *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000). Moreover, "hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial." *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir. 1997).

A litigant's failure to respond to a Local Rule 56.1 statement results in the Court admitting the uncontroverted statement as true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608

(7th Cir. 2006). In addition, the requirements for responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon,* 233 F.3d at 528. Finally, the Court may disregard statements and responses that do not properly cite to the record. *See Cichon v. Exelon Generation Co., L.L.C.* 401 F.3d 803, 809-10 (7th Cir. 2005); *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). With these standards in mind, the Court turns to the relevant facts of this case.

## II. Relevant Facts

In 1994, the President of the Cook County Board of Commissioners, John Stroger, Jr., hired Plaintiff Tobi Williams as Director of Special Events. (R. 94-1, Defs.' Rule 56.1 Stmt. Facts ¶ 1.) Williams was a "Shakman exempt" employee who served at the will of President Stroger. (*Id.* ¶ 7.) During all times relevant to the claims in this lawsuit, Defendant Mark Kilgallon was the Director of Human Resources at Cook County and Defendant James Whigham was the Inspector General for Cook County. (*Id.* ¶¶ 4, 5.)

In January 2004, while Williams was on disability leave, Jean Albritton, an investigator with the Inspector General's Office, informed Williams that she was investigating an allegation that Williams had improperly spent Cook County funds. (*Id.* ¶ 9.) Albritton's investigation specifically concerned improper expenditures, including $102.00 used to purchase table linens for a non-County function. (*Id.* ¶ 16; Ex. 8, IG Report; R. 113-1, Pl.s' Stmt. Facts ¶ 75.) In the investigative report, Albritton sustained charges against Williams for theft, falsifying county records, engaging in non-County business while on duty, and failing to follow Cook County rules and procedures. (Defs.' Stmt. Facts ¶ 16.)

In a letter dated February 18, 2004, Williams was notified that her employment with Cook County was being terminated although Williams remained on disability leave until the end

3

of February 2006. (*Id*. ¶ 11.) On December 19, 2005, Williams informed President Stroger that she was prepared to return to work from her medical disability leave in February 2006. (Pl.s' Stmt. Facts ¶ 93.) In a letter dated January 3, 2006, Kilgallon reminded Williams that her employment had been terminated in February 2004. (*Id*.) Accordingly, the County did not allow Williams to return to her position as Director of Special Events when she concluded her disability leave in February 2006. (*Id*. ¶ 95.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, ___ U.S. ___, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

## ANALYSIS

As with Title VII discrimination claims, an employee may prove an equal protection violation using either the direct or indirect method of establishing discriminatory intent. *See*

4

*Hildebrandt v. Illinois Dept. of Natural Res.*, 347 F.3d 1014, 1037-38 (7th Cir. 2003). Because Williams does not point to any direct evidence of discriminatory intent, the Court considers her discrimination claim under the indirect method of proof. *See Salas v. Wisconsin Dept. of Corr.,* 493 F.3d 913, 926 (7th Cir. 2007); *Williams v. Seniff,* 342 F.3d 774, 788 (7th Cir. 2003). To establish a prima facie case of an equal protection violation, Williams must demonstrate that: (1) she is a member of a protected class; (2) she was otherwise similarly situated to members of the unprotected class; and (3) she was treated differently from members of the unprotected class. *See Brown v. Budz,* 398 F.3d 904, 916 (7th Cir. 2005); *Williams,* 342 F.3d at 788. As the Seventh Circuit recently explained:

> Although some cases from this Court have suggested that a fifth, freestanding element – proof of discriminatory intent – is necessary to establish a prima facie equal protection violation, we have clarified that those cases "are best read as simply emphasizing the requirement that § 1983, like disparate treatment cases under Title VII, require ultimately proof of discriminatory intent."

*Salas,* 493 F.3d at 926 (quoting *Williams,* 342 F.3d at 788 n.13.)

If Williams establishes a prima facie case of discrimination, the burden shifts to Defendants to produce evidence of a legitimate, nondiscriminatory reason for the alleged discriminatory action. *See id.* at 922; *Williams,* 342 F.3d at 788. If Defendants fulfill this burden of production, Williams must establish by a preponderance of the evidence that Defendants' proffered reasons for the discriminatory action are pretext for discrimination. *See Salas,* 493 F.3d at 922; *Williams,* 342 F.3d at 788. The ultimate burden of persuasion, however, remains with Williams. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 517-18, 113 S. Ct. 2742, 125 L.Ed.2d 407 (1993).

The Court turns to the second prima facie element, namely, that Defendants treated similarly situated male or non-disabled County employees better than Williams, because it is

5

dispositive. To determine whether employees are similarly situated, the Court's inquiry is a flexible one that considers "all relevant factors, the number of which depends on the context of the case." *Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 405 (7th Cir. 2007) (quoting *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 617 (7th Cir. 2000)). "An employee is similarly situated to a plaintiff if the two employees deal with the same supervisor, are subject to the same standards, and have engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Fane v. Locke Reynolds, LLP,* 480 F.3d 534, 538 (7th Cir. 2007); *see also Radue,* 219 F.3d at 617-18. As the Seventh Circuit instructs "the purpose of the similarly situated requirement is to eliminate confounding variables, such as differing roles, performance histories, or decision-making personnel, which helps isolate the critical independent variable: complaints about discrimination." *Humphries,* 474 F.3d at 405. In other words, the purpose of the similarly situated test "is to determine whether there are enough common factors between a plaintiff and a comparator – and few enough confounding ones – to allow for a meaningful comparison in order to divine whether discrimination was at play." *Barricks v. Eli Lilly & Co.,* 481 F.3d 556, 560 (7th Cir. 2007).

Here, Williams contends that other Cook County employees – who were male and not disabled – committed much more egregious offenses and were never terminated or investigated by the Inspector General. Williams points to newspaper articles concerning certain Cook County employees for factual support. (*See* Pl.'s Stmt. Facts ¶¶ 99, 102, 103.) Because Williams offers these newspaper articles for their truth, they are inadmissible hearsay and cannot support her claims. *Chicago Firefighters Local 2 v. City of Chicago,* 249 F.3d 649, 654 (7th Cir. 2001) (citing *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir. 1997)). Meanwhile, most of Williams' other factual allegations concerning the County employees are simply not

6

supported by her citations to the record. (*See* Pl.'s Stmt. Facts ¶¶ 100, 102, 104.)

More importantly, Williams fails to give any relevant facts about these individual Cook County employees for the Court to make a meaningful comparison. *See Radue,* 219 F.3d at 619 (similarly situated element requires plaintiff to demonstrate shared "common features essential to a meaningful comparison"). In other words, there is no information in the record whether these other County employees had the same supervisor as Williams, if they had similar job duties, or were subject to the same standards. In fact, Williams does not set forth facts in her Rule 56.1 statement about her own job responsibilities as the Director of Special Events. Moreover, although Williams states – without any factual substantiation – that these County employees' supervisor was President Stroger, she admits that she did not directly report to President Stroger after December 2002. (*See* Pl.'s Stmt. Facts ¶ 72.) In any event, without more details about the other County employees, Williams has failed to establish that at least one person was similarly situated to her and that Defendants treated that individual better than they treated Williams.[2] *See Keri v. Board of Tr. of Purdue Univ.,* 458 F.3d 620, 628 (7th Cir. 2006) ("Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment").

Viewing the evidence and all reasonable inferences in a light most favorable Williams, her gender and disability discrimination claim under the equal protection clause fails because she

---

[2] Williams contends that pursuant to the Agreed Protective Order, she was unable to access personnel files from Defendants concerning these County employees. Williams' argument is misplaced because pursuant to the Agreed Protective Order, any such documents were available to Williams although they were considered "confidential material." (R. 61-1, Agreed Protective Order, ¶¶ 2, 3.) Moreover, the Agreed Protective Order allowed for use of "confidential material" in the parties' motions, pleadings, depositions, or other papers with certain qualifications. (*Id.* ¶ 8.)

has not presented sufficient evidence to fulfill the second prima facie element, namely, that Defendants treated similarly situated male or non-disabled County employees better than they treated her. *See* Fed R. Civ. P. 56(e). Because Williams has failed to set forth sufficient evidence creating a genuine issue of material fact for trial as to her prima facie case, the Court need not address whether Defendants' reason for the alleged discriminatory action was pretext for discrimination. *See Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 754 (7th Cir. 2006). Similarly, the Court need not address Defendants' qualified immunity defense. *See Williams v. Rodriguez,* 509 F.3d 392, 398 (7th Cir. 2007).

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). The Court denies as moot Plaintiff's Motion to Strike.

Date: February 5, 2008

**ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**